**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONORIE S. RICHMOND, | No. CV-09-0222-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| JOSEPH M. ARPAIO, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendants Joseph M. Arpaio and Betty Adams. (Dkt. # 13.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiff Conorie S. Richmond was an inmate in the custody of the Detention Bureau of the Maricopa County Sheriff's Office ("MCSO") during the time applicable to this suit. Defendant Joseph M. Arpaio is the Sheriff of Maricopa County, and Defendant Betty Adams is the county's Director of Correctional Health Services. Plaintiff alleges that during his incarceration at Durango Jail he was improperly housed with three other inmates and that his pre-existing psychological and physical conditions were aggravated by this violation. (Dkt. # 1 at 3.) Plaintiff also alleges Defendants subjected him to "un-accredited health care" because the "National Commission on Correctional Health care revoked accredi[d]ation for MCSO/Correctional Health Service for . . . failing to meet federal standards for care." (*Id.*

at 4.) Lastly, Plaintiff alleges he "could not sleep" and was "unable to capably contribute to [his] own defense" during his forty-eight hour intake because he was "forced to try to sleep on a concrete floor." (*Id.* at 5.)

MCSO has a grievance procedure that is designed to allow inmates to communicate their concerns or complaints to jail staff and receive a prompt response. After an inmate is booked and assigned to a housing unit by MCSO, the inmate is given the *MCSO Rules and Regulations for Inmates* that explains the grievance procedure. In the explanation, inmates are informed they must make a "good faith effort to resolve [their] complaint[s] at the lowest level possible in the grievance procedure." (Dkt. # 13 Pt. 2 Ex. A at 13.) The first step in the procedure is to request, complete, and submit a grievance form with a proposed resolution to the complaint. The remaining steps of the procedure are also described in the *MCSO Rules and Regulations for Inmates*.

The Inmate Hearing Unit for MCSO assigns a case number to each grievance and logs each grievance into a computer database. The entries are cross-referenced by inmate name and the assigned case number. The grievance log book, as well as the actual grievances and any attachments, are retained for three years by MCSO's Inmate Hearing Unit. In a search of the grievance database conducted by Sergeant Johanne Hutchings, an employee in the Inmate Hearing Unit, only one grievance submitted by Plaintiff was found. The grievance was dated October 27, 2008, and it involved Plaintiff's non-receipt of a diabetic meal. The grievance indicates the matter was investigated and that the person responsible for providing the requested diabetic meal would again be briefed on the matter in resolution of the grievance. Plaintiff acknowledges using the grievance procedure in the past. However, he also alleges that resolution of the matter took almost two months and that a day after the resolution he was again denied his dietary request. He claims he was continually denied his dietary needs after the resolution, even after he was transported to the Lower Buckeye Jail.

No other grievances submitted by Plaintiff were found in Hutchings's search of the grievance database. Additionally, Plaintiff admits he did not file any other grievances through the MCSO process. Plaintiff filed his Complaint on February 5, 2009, alleging

violations of his civil rights under 42 U.S.C § 1983 for being housed with three other inmates (count one), receiving un-accredited medical care (count two), and being forced to sleep on a concrete floor during his intake process (count three). (Dkt. # 1.) Defendants now move for dismissal of all three counts for failure to exhaust nonjudicial remedies. (Dkt. # 13.)[1]

**DISCUSSION**

**I.     Legal Standard**

"[T]he failure to exhaust nonjudicial remedies . . . should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20 (citation omitted). In the Ninth Circuit, "[d]efendants have the burden of raising and proving the absence of exhaustion." *Id.* at 1119. Examples of relevant evidence in meeting such a burden "would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure." *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). Where the evidence presents a factual issue, "the court has broad discretion as to the method to be used in resolving the factual dispute." *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988).

---

[1] Defendants also move to strike Plaintiff's "Reply to Defendant's Motion to Dismiss" (Dkt. # 16) because Plaintiff had already filed a response to the Motion to Dismiss on June 18, 2009 (Dkt. # 14). The Court grants Defendants' Motion to Strike (Dkt. # 17) because Plaintiff's Reply (Dkt. # 16) constitutes a sur-reply for which the local rules make no provision. *See* LRCiv 7.2 (authorizing response and reply memoranda only). Additionally, Plaintiff's request for an extension of time in the sur-reply is moot because the Motion to Dismiss has been fully briefed and the Court has determined that the case must be dismissed.

- 3 -

## II. Analysis

Defendants argue that all counts of Plaintiff's Complaint should be dismissed because Plaintiff has failed to exhaust nonjudicial remedies as required by 42 U.S.C § 1997e(a). (Dkt. # 13.) 42 U.S.C. § 1997e(a) states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Defendants assert that because a grievance system was available to Plaintiff, because he was aware of the grievance system and had used it successfully in the past, and because he failed to submit a grievance for any of the complaints alleged in this action, he has failed to exhaust nonjudicial remedies. (Dkt. # 13 at 3-5.)

Plaintiff concedes he did not use the grievance procedure for the complaints at issue here. (Dkt. # 1 at 3-5.) Plaintiff merely argues that he has a "right to suit as a[n] American and more importantly under Hart vs [sic] Hill."[2] (Dkt. # 14 at 1.) Plaintiff also argues that nonjudicial remedies were not available to him because he "'Lost [] Faith' in the process." (Dkt. # 14 at 2.) Plaintiff explains that his first and only grievance filed with the MCSO took two months to resolve. (*Id.*) He claims that a day after the resolution, officers allegedly did not give him his diabetic meals, contrary to the resolution of the grievance. (*Id.*; Dkt. # 13 Ex. D.) Plaintiff claims he was continually refused his diabetic meals in defiance of his grievance resolution, and therefore he "had to leave that process alone." (Dkt. # 14 at 2.)

Exhaustion of nonjudicial remedies prior to an inmate bringing suit for a § 1983 claim is mandatory "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Court "will not read futility and other exceptions into statutory exhaustion requirements." *Id.* at 741 n.6.

Here, Defendants present evidence of remaining available relief for the complaints alleged by Plaintiff by showing through declarations and documentation that a nonjudicial grievance process for MCSO inmates exists and that MCSO "apprises inmates of the

---

[2]It is unclear to which case Plaintiff is referring, as he provides no citation.

- 4 -

opportunity to grieve and explains the grievance procedure in the *MCSO Rules and Regulations for Inmates,*" which inmates receive "after MCSO books and assigns him/her a housing unit." (Dkt. # 13 Pt. 2 at 2; Dkt. # 13 Pt. 2 Ex. A.) The explanation of the grievance procedure in the *MCSO Rules and Regulations for Inmates* informs inmates that they must make a "good faith effort to resolve [their] complaints at the lowest level possible in the grievance procedure." ( Dkt. # 13 Pt. 2 Ex. A at 13.) The first step in the process requires an inmate to request a grievance form, complete the form, and submit the form to detention staff.[3] (*Id.*)

By laying out this procedure and by showing that Plaintiff had utilized the grievance process in the past, Defendants have demonstrated that Plaintiff was provided information regarding the grievance process and the relief available.[4] (Dkt. # 13 Pt. 2 at 5; Dkt. # 13 Pt. 2 Ex. D; *see also* Dkt # 14 at 2 (acknowledging in his response that he had used the grievance process).) Hutchings's search of the grievance database found only one grievance submitted by Plaintiff and the grievance found does not pertain to any of the complaints at issue in this case, but instead relates to a diet concern. (Dkt. # 13 Pt. 2 at 5, Ex. D; *see* Dkt. # 13 Pt. 2 at 5.) Defendants have therefore presented evidence proving that Plaintiff did not take the first step in the grievance process, and thus nonjudicial remedies have not been exhausted. Indeed, Plaintiff concedes that he did not submit a request for nonjudicial relief for all three counts in his Complaint. (Dkt. # 1 at 3-5.) Plaintiff's assertion that no remedies were available is inaccurate, as shown by the evidence of the MCSO grievance process set forth by Defendants (Dkt. # 13 Pt. 2 at 2-4.) Although Plaintiff argues that no remedies were available because of his previous unsatisfactory experience with the grievance process (Dkt.

---

[3] For a complete description of the MCSO grievance process, see Hutchings's declaration (Dkt. # 13 Pt. at 3-5) and the *MCSO Rules and Regulations for Inmates* (Dkt. # 13 Pt. 2 Ex. A at 13-15, 20).

[4] "Information provided [to] the prisoner is pertinent because it informs [the Court's] determination of whether relief was, as a practical matter 'available.'" *Brown*, 422 F.3d at 937.

- 5 -

# 14 at 2), the Supreme Court has made it clear that futility or lack of the remedy sought does not excuse the exhaustion of the nonjudicial remedies requirement. *Booth*, 532 U.S. at 741 n.6. Therefore, Plaintiff cannot validly claim there were no nonjudicial remedies available.

## CONCLUSION

Defendants have established that a nonjudicial grievance process is available to MCSO inmates, that Plaintiff was aware of this process and had used it in the past, and that Plaintiff did not attempt to use the process in relation to the claims set forth in his Complaint. Plaintiff has therefore failed to exhaust nonjudicial remedies, and his Complaint must be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Reply to Defendant's Motion to Dismiss (Dkt. # 17) is **GRANTED**.

DATED this 7th day of August, 2009.

G. Murray Snow
United States District Judge